## Case No. 3,979.

### In re DONAHOE et al.

[8 N. B. R. 453.] [1]

District Court, E. D. Michigan. Sept. 20, 1873.

MILEAGE AND FEES OF UNITED STATES MARSHALS —INTEREST.

1. A United States marshal is authorized to charge for all necessary travel in serving papers, but the language of section 47 of the bankrupt act [of 1867 (14 Stat. 540)] precludes all constructive mileage; therefore, it is essential that he should name the place of service in his return, in order that the correctness of the mileage charged may appear upon its face.

2. If he has two or more processes in his hands at the same time, and in the same matter or proceeding, he can charge mileage but once.

3. Should the service of any one of such processes make additional travel necessary, such additional travel may be charged for in the return.

4. A marshal is not entitled to charge interest upon fees earned, but when his expenditures exceed the amount of money paid to him in advance on account of costs, justice requires that he should be compensated by allowing the usual rate of interest on the excess.

[In bankruptcy. In the matter of Patrick Donahoe and John Page.]

LONGYEAR, District Judge. By section 47 of the act the marshal as messenger is expressly allowed fees "for all necessary travel, at the rate of five cents a mile, each way." The last clause of that section provides, it is true, that the judges, in framing general rules and orders under section 10, may prescribe a tariff of fees for "all other services" of the officers of the courts of bankruptcy, and also that they may reduce "the fees prescribed in this section in classes of cases to be named in their rules and orders." It will be observed that the authority conferred upon the judges is to prescribe a tariff of fees for all "other services," that is, for services other than those for which provision is made in that section; and also, that it is limited to the reduction only, and does not extend to the entire abolition of the fees for which provision is so made. It was held, in Re Talbot [Case No. 13,727], that general order 12 had the effect to do away with fees for travel under section 47. I disagree entirely with that construction of the order. The only requirement of general order 12 not fully comprehended under and contemplated by section 47 (see the fourth clause as to marshal's fees) is, that the marshal shall accompany his return as to his actual and necessary expenses, "with vouchers therefor whenever practicable." The marshal must fully comply with the requirements of section 47 in making his return, and in addition thereto he must accompany the same with vouchers whenever practicable, as required by general order 12; and this, in my opinion, is all the effect that can be given to the order, so far as it relates to marshal's fees. It may be asked, why then did the judges, by order 12, require the marshal to make return of his expenses in serving every warrant? Is it contemplated that the marshal is to have his expenses paid in addition to his traveling fee of five cents a mile each way? The "warrant" mentioned in the first clause of section 47, relating to marshal's fees, and for the service of which a fee of two dollars is prescribed, and the "warrant" mentioned in general order 12, and the expenses in the service of which are required to be returned, is undoubtedly the warrant provided for by sections 10 and 42, to be issued after adjudication, and perhaps it may include the provi-

[1] [Reprinted by permission.]

sional warrant provided for by section 40. It therefore becomes entirely unnecessary to answer the above queries in this connection, because I do not find that the marshal's fees for travel, charged in his bill, necessarily relate in any manner to the service of the warrant in this case. It may not be improper, however, to suggest the probability that in framing general order 12 the judges understood that clause 1 of section 47, providing a fee of two dollars for service of warrant, without adding "and travel," would preclude any charge for travel in serving that particular process, but that the payment of the marshal's actual and necessary expenses in making such service was intended to be provided for by the fourth clause under the phrase "and other services." I can at present conceive of no other construction of the clause of general order 12 requiring the marshal to make return "of his actual and necessary expenses in the service of every warrant addressed to him," that will make it consistent with the purpose of its enactment, and bring it within the authority of the judges in the premises.

The items charged in the marshal's bill for travel are, first, in serving order to show cause; second, injunction, and third, the adjudication. As to each of these the marshal has the undoubted right to charge, in the language of section 47, "for all necessary travel at the rate of five cents a mile each way." The travel so charged for, however, must be necessary travel. The language of the act precludes all constructive mileage whatsoever. Hence it is essential that the marshal should state the place of service in his return, in order that the correctness of the mileage charged may appear upon its face. If he has two or more processes in his hands at the same time and in the same matter, or proceeding, which may be served at the same time and place, he can charge mileage but once. If the service of any one of such processes, however, makes additional travel necessary, he may charge for such additional travel, but no more. In this respect the provision of section 47 of the bankrupt act controls, and the general act of congress of February 26, 1853 (10 Stat. 164), allowing the marshal to charge mileage on two such processes, has no application to proceedings in bankruptcy. In this matter it appears that the order to show cause and injunction were in the marshal's hands and were served by him at the same time, and, for aught that appears, at the same place, and he has charged mileage on both, relying, no doubt, upon the act of 1853. This, as we have seen, is wrong, and one of these items, amounting to fifty-one dollars and fifty cents, must be rejected.

It was conceded in the argument that the services of the different processes for which mileage is charged was made in each case at Marquette, in the upper peninsula, and that the distance is correctly stated. It was also conceded that the service in each instance was made by a deputy marshal residing at Marquette, the processes having been sent to him from the marshal's office at Detroit by mail, and returned by him to the office in the same manner, and it was contended that no mileage can be allowed for a service so made. To this I do not agree. I think that the distance by the nearest traveled route, from the place of service to the place of return, is the "necessary travel" meant by the act. The manner of getting the process there and back is a matter purely of the marshal's own concern, and something with which the court has nothing to do in this connection or any other, so long as there is no complaint of any consequent failure of official duty.

The question is submitted by the register whether such travel can be allowed without an affidavit that the same was necessary and actually performed. To this I answer in the affirmative. All that is necessary is that the place of service be stated in the return, so that the correctness of the distance charged for may be ascertained, if disputed. The marshal's travel fees are not included among the items as to which he is required to make oath by the fourth clause of section 47, relating to marshal's fees, or the last clause of general order 12. Those requirements relate exclusively to disbursements of money by the marshal in the manner and for the purposes named. In all other respects his official return is prima facie sufficient.

Second. The remaining question submitted is: "Is the marshal entitled to charge interest upon fees earned or expenditures made from the time that the charge was incurred to the time of payment?" I know no law or custom allowing interest on marshal's fees for services, before the same have been duly taxed and allowed, in this or any other court. His expenditures, however, stand upon a different footing. They are often necessarily large, and far beyond the amount required to be deposited, and it is a matter of but simple justice that he should be compensated, by way of an allowance, at the usual rate of interest or otherwise, for such advances. In this instance it appears that the marshal's expenditures did not exceed the amount of money paid to him in advance on account of his costs, wherefore there is no occasion for any allowance to him in this case beyond the sums actually paid out. All the items charged in the bill for interest must therefore be disallowed. The items credited by the marshal for interest on the money advanced to him on account of his costs must also be stricken out.

I should have referred this matter back to the register for correction of the marshal's return so as to show the place of service in each instance, and to have the marshal's oath added as to expenditures as required by section 47, and vouchers for the same produced or their absence explained as required by general order 12, but for concessions made before me avoiding that necessity.

It results that the marshal's bill as presented assumes the following aspects:

| | Disallowed. | Allowed. |
|---|---|---|
| Oct. 31st, 1870, serving order to show cause........................ $ | | $ 4 00 |
| Serving petition.................... | | 4 00 |
| Travel to serve, 515 miles, at 5c. per mile each way............... | | 51 50 |
| Interest on $59 50, 2 years and 7 months, at 7 per cent............ | 10 72 | |
| Nov. 1, 1870, serving injunction, "three services"................. | | 6 00 |
| Travel to serve, 515 miles at 5c. per mile each way............... | 51 50 | |
| Interest on $57 50, 2 years and 7 months, at 7 per cent............ | 10 31 | |
| June 8, 1871, serving warrant...... | | 4 00 |
| Serving adjudication.. ............ | | 4 00 |
| Travel to serve, 515 miles at 5c. per mile each way............... | | 51 50 |
| Advertising first meeting of creditors in the "Detroit Post"........ | | 8 40 |
| Advertising first meeting of creditors in the "Advertiser and Tribune"....................... | | 8 40 |
| Interest on $66 30, 1 year 8 months and 24 days.................... | 10 01 | |
| Total amount allowed....... ..... | | $131 80 |
| Cr. | | |
| Oct. 31, 1870, by cash............... | | 25 00 |
| | | |
| Balance due...................... | | $106 80 |

The clerk will certify the foregoing decision to the register, Hovey K. Clarke, Esq.